**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KYLE WRIGHT and JENNA BURNETTE,<br><br>　　　　　　Plaintiffs,<br>　vs.<br><br>THE NEPTUNE SOCIETY OF CENTRAL CALIFORNIA, INC., et. al,<br><br>　　　　　　Defendants.<br>_____/<br>THE NEPTUNE SOCIETY OF CENTRAL CALIFORNIA, INC.,<br><br>　　　　　　Third party plaintiff,<br>　vs.<br><br>EXPRESS MESSENGER, INC., doing business as CALIFORNIA OVERNIGHT,<br><br>　　　　　　Third party defendant.<br>_____/ | CASE NO. CV F 07-0117 LJO TAG<br><br>**ORDER ON MOTION TO DISMISS AND MOTION TO REMAND** |

　　　On January 26, 2007, Third party defendant, Express Messenger, Inc., dba California Overnight, filed its motion to dismiss the third party complaint by The Neptune Society of Central California, Inc. on the grounds of Fed.R.Civ.P 12(b)(6) and preemption of the claims by the Carmack Amendment to the Interstate Commerce Act (49 U.S.C. §14706, et seq.).  On February 16, 2007, Plaintiffs Kyle Wright and Jenna Burnette moved to remand this action to the Kern County Superior Court should the Court grant Express Messenger's motion to dismiss, on the basis of lack of federal subject matter jurisdiction. On February 24, 2007, this action was reassigned to District Judge Lawrence J. O'Neill and the motions

were continued for hearing to March 26, 2007. Thereafter, the Court vacated the hearing on the motions pursuant to Local Rule 78-230(h). On March 22, 2007, defendant and third party plaintiff The Neptune Society of Central California, Inc. filed non-oppositions to both the Motion to Dismiss and to the Motion to Remand. (Doc. 24, 25.) Having considered the moving papers, and the non-oppositions, as well as the Court's file, the Court issues the following order.

## FACTUAL BACKGROUND

The Neptune Society, located in Bakersfield, California, contracted with Express Messenger to deliver a package to Kyle Wright in Phoenix, Arizona. During the transport of the package from Bakersfield to Arizona, the vehicle transporting the package was stolen. The package was being shipped from California to Arizona via interstate motor carrier transport. The Neptune Society did not declare a value of the package on the Express Messenger bill of lading prior to the shipment.

Express Messenger removed this action on January 22, 2007 based on federal question jurisdiction. 28 U.S.C. §1331.

## ANALYSIS AND DISCUSSION

### Motion to Dismiss

Express Messenger argues that the Carmack Amendment to the Interstate Commerce Act applies to Express Messenger and all state law claims against Express Messenger are preempted by the Carmack Amendment.

Pursuant to the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. §§14706 et seq., a common carrier, such as Express Messenger, transporting goods via interstate commerce from one state to another may limit its liability for loss or damage for the item being shipped. The Ninth Circuit has described the Carmack Amendment as providing "a uniform national liability policy for interstate carriers." *Hall v. North American Van Lines, Inc.*, 476 F.3d 683, 688 (9th Cir. 2007). The Carmack Amendment is the exclusive cause of action for interstate-shipping contract claims alleging loss or damage to property. *Id.; Adams Express Co. v. Croninger*, 226 U.S. 491, 505-06, 33 S.Ct. 148 (1913) (Carmack covers "the subject of the liability of the carrier under a bill of lading ... so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it"). Common law fraud and conversion actions are equally

preempted by the Carmack Amendments. *Hall*, 476 F.3d at 689.

The Carmack Amendment in relevant part provides:

> A carrier providing transportation or service ... shall issue a receipt or bill of lading for property it receives for transportation under this part. That carrier and any other carrier that delivers the property and is providing transportation or service ... are liable to the person entitled to recover under the receipt or bill of lading. 49 U.S.C. § 14706(a)(1).

A plaintiff must allege three elements to establish a prima facie case of violation of the Carmack Amendment: (1) delivery of the goods to the initial carrier in good condition, (2) damage of the goods before delivery to their final destination, or failure to delivery altogether, and (3) the amount of damages. *See Beta Spawn, Inc. v. FFE Transportation Services, Inc.*, 250 F.3d 218, 223 (3rd Cir. 2001).

In *Newens v. Orna Services, Inc.*, 2002 WL 1310734, *2 (N.D.Cal. 2002), defendant moved to dismiss plaintiff's state law causes of action because they are preempted by the Carmack Amendment. The Court dismissed all state law claims - conversion, theft and intentional misrepresentation - as preempted under the Carmack Amendment. The Court, however, did not dismiss the first cause of action because it was a claim for recovery under the Carmack Amendment, and thus, the Court had jurisdiction.

Here, The Neptune Society's claims against Express Messenger are for indemnity, apportionment of fault, declaratory relief and contribution arising from the loss of the package. (Doc. 1, Exh. "B" Third Party Complaint.) *Hughes Aircraft Co. v. North American Van Lines, Inc.*, 970 F.2d 609, 613 (9th Cir.1992) (Plaintiff "wisely concedes that federal law preempts any state common law action against [defendant carrier] acting solely as a common carrier. It is clear that the Carmack Amendment established a uniform national liability policy for interstate carriers.") The Carmack Amendment constitutes a complete defense to common law claims alleging all manner of harms. *See Hall v. North American Van Lines, Inc.*, 476 F.3d at 689. Accordingly, and in conjunction with its non-opposition, The Neptune Society's common law claims are preempted by the Carmack Amendment, and the claims will be dismissed.

**Motion to Remand**

Plaintiffs ask that the case be remanded back to Kern County Superior Court should the court dismiss the claims against Express Messenger.

The Court has discretion to remand this case. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447 ( c). Where federal question jurisdiction existed at the time of removal and the federal claim is later dismissed, the Court has discretion to remand a case to state court after all federal claims are dismissed. *Albingia Versicherungs A.G. v. Schenker Int'l, Inc.,* 344 F.3d 931, 936 (9th Cir. 2003) (court had discretion to exercise supplemental jurisdiction over state law claims after federal claim dismissed (unless dismissal was for lack of subject matter jurisdiction)), *modified*, 350 F.3d 916. Indeed, when the federal claims have dropped out of the lawsuit in its early stages and only state law claims remain, it may be an abuse of discretion for the federal district court to retain the case. *See Wren v. Sletten Const. Co.*, 654 F.2d 529, 536 (9th Cir. 1981). Accordingly, the case will be remanded.

## **CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. The Neptune Society's claims for relief against Express Messenger are hereby DISMISSED because they are preempted by the Carmack Amendment.

2. This case is REMANDED to the Kern County Superior Court.

IT IS SO ORDERED.

**Dated:   March 29, 2007**           /s/ Lawrence J. O'Neill
b9ed48                                UNITED STATES DISTRICT JUDGE